THE TOWN OF GUILFORD, Respondent, *v.* WILLIAM COOLEY, Appellant.

The provision of the act of 1866 (§ 1, chap. 534, Laws of 1866), amending the Revised Statutes (§ 5, 1 R. S., 349), in reference to the accounting of supervisors, by authorizing an action to be brought in the name of the town against a supervisor who has neglected to account, has rendered a false account, or has converted moneys coming to his hands by virtue of his office, extends to cases which arose before as well as to those occurring subsequent to the passage of the act.

The remedy thus given is not restricted to cases where the delinquent is

an incumbent of the office at the time of the commencement of the action, but authorizes proceedings against the present or any former supervisor of a town, either by mandamus, to compel him to account, or by action to recover any money in his hands unaccounted for.

In an action against a supervisor under said provision, a claim for services which he has presented to the board of audit provided by the Revised Statutes (1 R. S., 349, § 4), but which has not been passed upon by it, is not a proper counter-claim. It is made the duty of the board to consider and determine such claims, and the only remedy of the supervisor is to enforce the performance of this duty. .

By resolution passed by the town of G., a war committee was appointed for the purpose of procuring men to fill its quota under a call of the United States government for soldiers, of which committee the supervisor of the town, was, by virtue of his office, made a member. In the performance of this duty the supervisor received and disbursed large amounts of money raised upon the bonds of the town. *Held*, that in so doing he acted as supervisor, not merely as a member of the committee and was accountable to the town in the former capacity, and that an action was properly brought against him in the name of the town to recover a balance alleged to be in his hands not duly accounted for.

(Submitted June 8, 1874; decided June 19, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought against defendant as former supervisor of the town of Guilford, Chenango county, to recover a balance of war funds raised on the credit of the town alleged to be in his hand.

Defendant was supervisor of said town from February, 1863 to February, 1865. Various resolutions were passed by the town from December 29, 1863, to January 3, 1865, for the purpose of raising money and men to fill the quota of the town under the various calls of the president. A war committee was appointed, of which defendant was, by virtue of his office, made a member. He was also, by some of the resolutions, individually authorized to execute and issue town bonds to raise money and to procure men. Under the authority of these resolutions large amounts of money were

raised, most of which went into defendant's hands and were disbursed by him. He presented an account to the board of audit at their February meeting, 1865; upon settlement, a balance was found due him of $200.69, for which amount town bonds were executed and delivered to him. He subsequently brought suit upon the bond, but it was held by the Court of Appeals that the bond was issued without authority and was void. (See 47 N. Y., 673.) It was claimed, on the part of plaintiff in this action, among other things, that defendant received divers sums of money which he omitted to credit to the town in his account. Defendant set up as counter-claims divers accounts against the town for service and expenses; these were presented by him to the town board of audit, but were not passed upon by them.

The referee found that defendant had received two sums of money, one before the settlement, which he omitted from his account, and one after the settlement, which he had not accounted for; for the amount of these sums and interest, less some expenses incurred by and allowed to defendant, he directed judgment. The matters set up as counter-claims the referee refused to allow, upon the ground that they should be passed upon first, either allowed or disallowed, by the board.

Further facts appear in the opinion.

*Isaac S. Newton* for the appellant. It is not fatal to an established claim that it has not been presented, or that the board of auditors has rejected it. (40 How., 53; 58 Barb., 139; *People ex rel. Johnson* v. *Suprs., etc.,* 9 Abb. [N. S.], 408.) A failure of the board to audit and allow any sum for services rendered and disbursements which were conceded, was not a judicial act. (*People ex rel. Hall* v. *Suprs. New York,* 32 N. Y., 473; *People ex rel. Sherman* v. *Suprs. St. Lawrence,* 30 How., 173; *People ex rel., etc.,* v. *Martin,* 58 Barb., 286; 20 id., 194; 56 id., 452; 53 id., 564; 18 J. R., 242.) As a settlement had been made, this action cannot be sustained on the pleadings so far as all accounts previous to

said settlement are concerned. (*Weed* v. *Small*, 7 Paige, 575; *Wilde* v. *Jenkins*, 4 id., 497; *Dawson* v. *Dawson*, West, 171; *Sumner* v. *Thorpe*, 2 Atk., 1; *Chambers* v. *Goldwin*, 9 Ves., 266; *Leaycraft* v. *Dempsey*, 15 Wend., 85; *Baker* v. *Biddle*, Bald., 418; *Miller* v. *Woomack*, Free. Ch. [Miss.], 486; *Skipwith* v. *Cunningham*, 8 Leigh, 272; *Bullock* v. *Boyd*, Hoff., 298; 2 Edw. Ch., 295; *Phillips* v. *Belden*, id., 23; Story's Eq. Plead., 497.) A bill to open a settled account must state specific errors. (*Johnson* v. *Curteis*, 3 Bro. C. C., 266; *Taylor* v. *Haylin*, 2 id., 310; 1 Cox, 435.) Plaintiff must show that he has been imposed upon before the court will permit him to unravel an account to which he has before submitted. (*Leaycraft* v. *Dempsey*, 15 Wend., 85.) To make an account stated it is sufficient that the account has been examined and assented to as correct by both parties. (*Lockwood* v. *Thorne*, 1 Kern., 170; *Phillips* v. *Belden*, 2 Edw. Ch., 1; *Chappedelaine* v. *Dechenau*, 4 Cranch, 306.)

*E. H. Prindle* for the respondent. The town was authorized to bring this action in its name. (Laws 1866, chap. 534.) The pleadings in the action were properly framed to obtain the relief granted. (*Hutchinson* v. *Market Bk. of Troy*, 48 Barb., 321; 1 Wait's L. and Pr., 706, 707; *Phillips* v. *Gorham*, 17 N. Y., 270; *Byxbie* v. *Wood*, 24 id., 607.)

GROVER, J. Whether this action can be maintained in the name of the town against the defendant must be determined by the construction of section 5, chapter 11, title 4, part 1, article 1, of the Revised Statutes, as amended by chapter 534 of the Laws of 1866, page 1146. That section, as so amended, provides that if any supervisor shall neglect to account, or shall render a false account, or shall convert to his own use any money or securities which may come to his hands by virtue of his office, proceedings may be commenced against him in the name of the town of which he is supervisor, in the Supreme Court, by action or otherwise, by the justices of

the peace of the town and town clerk of said town, to compel him to render such account, or to recover any money or property of the town which he has not duly accounted for. The counsel for the appellant insists that the defendant received the money sought to be recovered in the action as a member of a war committee and not as supervisor, and that for this reason the case does not come within the above statute. It is true that by resolutions passed by the town a war committee was appointed, for the purpose of procuring men to fill the quota required of the town, under various calls of the United States government, for soldiers to suppress the rebellion, of which the supervisor was made, *ex officio*, a member. That in the performance of this duty he was very active — received and disbursed nearly all the money raised and applied to this purpose. In the receipt and disbursement of this money, I think the defendant acted as supervisor, and not merely as a member of the war committee, and that he should be held accountable to the town in the former capacity. This brings the case within the statute, if embraced within it. The statute was passed in 1866, and the neglect of the defendant to account for the money in question occurred in 1865. But the statute is remedial — designed to provide redress for defalcations of public officers — and therefore extends to cases occurring before as well as subsequent to its passage. The phrase that proceedings, etc., may be commenced against him in the name of the town of which he is supervisor, does not restrict the remedy to an incumbent of the office at the time of the commencement of the proceedings, but merely designates the town, the justices and town clerk of which are to institute the proceedings. Were this otherwise, the amendment would amount to but little. The statute requires the town auditors to meet on the Tuesday preceding the annual town meeting. At this time, and before this board, the accounting of the supervisor is to be had. A successor is to be elected on the succeeding Tuesday. This would give the justices and town clerk but one week to commence the proceedings, unless the defaulting supervisor should be re-elected,

a case which, in country towns, would rarely happen, when he had failed to show what had been done with the money he had received officially. Such a construction would render the amendment substantially nugatory, and is not required by the language. I think that the intention of the amendment was to authorize the justices and town clerks to institute proceedings, in the name of the town, against its present or any former supervisor who should not have accounted as required by law, either by mandamus to compel him to account, or by action to recover any money in his hands unaccounted for. This does not conflict with *The Town of Lewis* v. *Marshall*, lately decided by this court. In this case it was held that section 92, volume 2, Statutes at Large, authorized the supervisor of a town to sue, in his name of office, upon any liability to the town, and hence a suit could not be brought thereon in the name of a town, under section 2, volume 1, of the Revised Statutes, 357, for the reason that this section only authorizes suits in the name of the town when no authority has been given to any officers of the town to sue in their name of office for the same cause. Section 5 (*supra*), as amended by the act of 1866, contains no such limitation. Another reason for the construction of section 5, as above, will be found in the fact that it authorizes proceedings in the Supreme Court against defaulting supervisors other than by action. Although the accounting before the auditors was not completed by the entries in the books as the statute requires, the referee adopted the accounting as correct, and charged the defendant only with the money which he found he had received, which he omitted to charge himself with in the account rendered.

The counsel for the appellant insists that the referee erred in rejecting certain counter-claims made by the defendant against the plaintiff for services rendered, etc., which had not been allowed in the accounting. It appeared that the defendant had, before the commencement of the action, presented these claims to the board of audit, and it had not passed upon them. The statute required him

so to present them, and made it the duty of the board to consider and determine them.   I think the referee correctly held in respect to these, that the only remedy of the defendant was to enforce the performance of this duty by the board. The referee was liberal in his allowance to the defendant of money counter-claimed by him.   It is true that the complaint does not aver that the defendant had neglected to account for the money sought to be recovered; but it was proved that he had upon the trial.   The complaint might have been amended, if necessary, upon the trial.   The questions involved were fully heard and all the proof relating thereto given.   I think that the defendant's objection to the sufficiency of the complaint was properly overruled.   The auditors found, upon the accounting, that there was due to the defendant from the town the sum of $200.69.   They further found that this amount was then paid to the defendant in the bonds of the town.   It was held by this court in *Cooley* v. *Town of Guilford* (47 N. Y., 673) that there was no authority for issuing bonds by the town at the time those in question were delivered to the defendant, and that no recovery against the town could be had thereon.   They were, therefore, void, and could not operate as payment.   The judgment must, therefore, be reversed, and a new trial ordered, costs to abide event, unless the plaintiff, within twenty days after notice of the order stipulates to deduct from the amount of the judgment $200.69, with interest from February, 17, 1865; and, in case it so stipulates, the judgment for the residue must be affirmed without costs to either party in this court.

All concur.

Judgment accordingly.