TOWN OF CHAUTAUQUA, RESPONDENT, v. GEORGE W. GIFFORD AND WILLIAM P. WHITE, APPELLANTS.

*Town moneys — Action to recover must be brought by supervisor — 1 R. S., 356, § 1 — 2 R. S., 473, §§ 92, 93 — Code, 113.*

The collector of a town deposited with bankers moneys collected by him for taxes. Subsequently the supervisor agreed with the bankers that they could retain the moneys until wanted. Afterward, on demand by him therefor, payment was refused.

*Held,* that an action to recover the same could not be maintained in the name of the town, but must be brought by its supervisor.

MOTION for a new trial, founded upon exceptions taken to the decisions and rulings of the court upon a trial by jury, directed to be heard in the first instance at the General Term.

In the year 1873 William Gifford, as collector of the town of Chautauqua, collected and deposited with the defendants, who were bankers, the sum of $3,500, which had been raised to pay the interest to become due on its bonds in August following. The defendants received the money with full knowledge that the same was the money of said town raised by tax to pay the interest on its bonds, to become due and payable the following August. In March, 1873, and while said moneys so remained on deposit with the defendants, John Birdsall was first elected supervisor of said town and duly qualified as such. After his election the defendants requested Birdsall to leave said money on deposit with them, as aforesaid, and that they would allow interest on the same until the same was required to meet the interest upon said bonds to become due in August, to which request Birdsall assented; and it was then agreed with him that defendants should so hold and retain said money. In July following, the said Birdsall, as supervisor of said town, demanded the money aforesaid of the said defendants, for the purposes aforesaid. The defendants refused to pay the same, except the sum of $1,500, and suit was brought in the name of the town therefor.

After the plaintiff rested his case, the counsel for the defendants

moved to nonsuit the plaintiff, upon the ground that the plaintiff had proven a contract as the basis of its action, made between John Birdsall, its former supervisor, and the defendants, and that an action to enforce the same could only be brought by and in the name of the supervisor of the town; which motion was denied, and the defendants excepted. And the defendants further moved the court for a nonsuit, on the ground that the action was improperly brought and could not be maintained by the town in its corporate capacity, which motion the court denied, and the defendants excepted. The jury rendered their verdict for the plaintiff for the sum of $2,325.44, and thereupon the justice directed the said exceptions to be heard in the first instance at the General Term, and the judgment in the mean time to be suspended.

*A. A. Van Dusen*, for the appellants.

*Morris & Russell*, for the respondent.

TALCOTT, J.:

This comes to this court on exceptions taken at the Chautauqua Circuit and directed to be heard at the General Term in the first instance. The action was brought to enforce a supposed liability of the defendants, who are bankers, for certain moneys claimed to have been received by the supervisor of the town from the collector of taxes belonging to the town and deposited or left with the defendants in 1873.

The main question in the case is, whether the action can be maintained in the name of the town as plaintiff, or must be brought by the present supervisor. It was held in *Hathaway as Supervisor of the Town of Solon* v. *The Town of Homer* (5 Lans., 267), that where there is a liability to the town for moneys, it can only be enforced by an action in the name of the supervisor. This was held to be the effect of certain provisions of the Revised Statutes, viz.: 1. Revised Statutes, 356, section 1, which provides that when any controversy or cause of action shall exist between towns of this State or between any town and an individual or corporation, proceedings shall be had as in suits of a similar kind between individuals; and section 2 of the same stat-

ute, which declares that in all such suits and proceedings the town shall sue or be sued by its name, except when town officers shall be authorized by law to sue in their name of office for the benefit of the town.

Also, 2 Revised Statutes, 473, sections 92 and 93, which authorize, among other things, actions to be brought in the names of town supervisors upon any contract, lawfully made with them or their predecessors, to enforce any liability or any duty enjoined by law to such officers or the body which they represent. The case of *Hathaway* v. *The Town of Homer* was reversed by the Commission of Appeals (54 N. Y., 655), but upon other points, and no intimation was made that the opinion of the Supreme Court was erroneous in holding that the action must be brought in the name of the supervisor of the town.

The same point was also held at the General Term of the third department in January, 1873, in the case of *The Town of Lewis* v. *Marshall*, where the opinion of the court was delivered by Justice MILLER, who states that "the action was improperly brought in the name of the town of Lewis, and if maintainable at all, it must be in the name of the supervisor of the town, who alone is authorized to sue in such a case," and this was the sole ground of the decision. On appeal to the Court of Appeals the decision of the General Term was affirmed, and the opinion of MILLER, J., in the court below adopted. (56 N. Y., 663.) The doctrine of the case of *The Town of Lewis* v. *Marshall* was as to this point again asserted by the Court of Appeals, in *The Town of Guilford* v. *Cooley* (58 N. Y., 121). The cases above referred to were all actions brought since the Code of Procedure went into effect, and since the provision that every action must be brought in the name of the real party in interest, except as otherwise provided in section 113. Section 113 provides that a person expressly authorized by statute may sue without joining with him the person for whose benefit the suit is prosecuted. If the views herein expressed are correct, they are fatal to the maintenance of the action in its present form; so that it is not necessary to consider the point that the suit was brought without due authority, nor of any avail to order a new

trial. The complaint should have been dismissed, and such order should be made by this court.

New trial denied, and complaint dismissed with costs.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Complaint dismissed, with costs.