## THE TOWN OF WALLINGFORD vs. HENRY F. HALL, JR.

In debt on a bond given to a town in a criminal cause, the defendant can not set off a claim against the town. The debts are not "mutual debts" within the meaning of the statute.

The town in taking the bond acts as the representative of the sovereignty of the state, and is not in the ordinary sense a creditor.

It is no defense against such a bond that the grandjuror who made the complaint in the criminal cause was, at the time the bond was given, the tenant of the magistrate before whom the case was brought and who took the bond.

Nor that the magistrate had been previously consulted with regard to matters connected with the offense, which was an assault, by the person upon whom the assault was committed.

Nor that at the time the complaint was made the accused had been previously arrested for the same offense, given bond for his appearance, and forfeited his bond.

On the record of the magistrate being offered in evidence in the suit on the bond, the defendant objected generally to its admission. In this court, upon a motion by the defendant for a new trial, a particular objection was made on account of variance. Held that, as that precise objection was not made below, it could not be made here.

The statute requires a bond to be given that the accused shall "appear and abide the order of the court." The bond taken was that he should "appear, to answer to said complaint and abide the order of the court thereon." Held that the difference was immaterial.

It was claimed that the bond, which was for the appearance of the accused at an adjourned court, was prematurely called. It appeared by the record to have been called at the hour to which the court stood adjourned. The accused did not make any appearance during the hour following. Held that, if the question could be made in this court, as presumptively the forfeiture would have been opened and the accused allowed to appear if he had presented himself within the hour, it did not appear that the defendant had suffered by the calling of the bond at the time it was called.

DEBT on a recognizance; brought before a justice of the peace and appealed by the defendant to the Court of Common Pleas for New Haven County, and there tried to the court, on the general issue, with notice of a set-off, before *Stoddard, J.* Judgment for the plaintiffs and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*W. C. Robinson*, in support of the motion.

*J. W. Alling* and *L. M. Hubbard*, contra.

CARPENTER, J. This is an action of debt on a bond taken in a criminal cause pending before a justice of the peace. On the trial in the Court of Common Pleas the defendant interposed several matters of defence.

In the first place, he claimed that the magistrate who took the bond had no jurisdiction of the cause pending before him. This claim rested on two grounds, neither of which appeared of record: 1st, that Mr. Wooding, the party alleged to have been injured in the criminal complaint, (the charge being a breach of the peace,) had previously consulted with the magistrate concerning certain transactions between the parties in some way connected with the affair out of which the prosecution arose; and 2d, that the grandjuror who issued the complaint was a tenant of the magistrate.

Whatever weight, if any, these objections might have been entitled to, had they been properly presented on the trial of the criminal cause, is a matter of no consequence now. They are entitled to no consideration in this proceeding. The magistrate had jurisdiction upon the face of the complaint and warrant. Any objection to the jurisdiction depending upon facts *dehors* the record should have been made before the magistrate in that proceeding, and in that proceeding alone. The defendant cannot take advantage of them in this case.

The defendant next objects that the party accused had been previously arrested on a complaint duly issued for the same offence, had given bonds for his appearance, and had forfeited his bonds; and that this was a bar to the complaint and proceeding on which the bond in the present suit was taken.

If there is any force in this objection any where or at any time, (we do not intend to intimate that there is,) the defendant cannot avail himself of it in this suit.

The plaintiff offered as a witness the magistrate for the purpose of proving and identifying the record in the criminal cause, including the recognizance in suit. The defendant then and before the close of the direct examination, insisted upon his right to cross-examine the witness upon that point. The plaintiff stated that he simply wished to identify another

Town of Wallingford *v.* Hall.

paper as the original process and that then he should be through with the witness. The court allowed that to be done, and the defendant then cross-examined the witness. Perhaps technically the record should not have been received until after the cross-examination. We are inclined to think however that the error in this respect, if there was any, resulted in no harm to the defendant. The motion does not show that there was any defect in the formal proof of the record. There were objections of a different nature, which were subsequently made and which we will presently consider. Those objections were heard and decided. We are inclined to think that the reception of the record before cross-examination was merely formal, and that it is a fair inference from the record that all objections either of form or substance were fairly entertained and passed upon by the court.

To the admission of the record in evidence the defendant objected generally. The grounds of the objection do not appear in the motion. The counsel for the defendant in his brief makes the objection on three grounds:—1st. On the ground of a variance. This objection should have been specifically made in the court below. As it does not appear that it was, we must decline to consider it here.—2d. That the statute requires a recognizance with surety, conditioned that the accused shall appear "and abide the order of the court." The recognizance in this case required the accused to appear "to answer to said complaint and abide the order of the court thereon." The addition of the words "to answer to said complaint" does not change the meaning, and therefore does not vitiate the bond. Its terms "are in substantial compliance with the requirements of law," and that is all that is required. Gen. Statutes, p. 545, sec. 1.—3d. That the bond was prematurely called and forfeited. If it be conceded that the record fairly imports that the bond was called immediately after the hour to which the cause was adjourned had arrived, we still think that the proceeding was valid. Had the accused appeared within the hour and claimed a trial, presumptively the court would have granted it. But there is no claim that he did appear, and nothing to show that the

defendant has suffered by reason of calling the bond before 8 o'clock. If therefore an objection of this nature can be made in this way and at this time, we do not think there is any force in it.

The last and perhaps the most important question is, whether the defendant was entitled to a set-off. He presented a claim against the town growing out of the pauper laws, and insisted that he had a right to prove the same and have it set off against the plaintiff's demand. The plaintiff objected to the evidence and the court rejected it.

The statute allows a set-off of mutual debts between the same parties. The plaintiff's demand is in one sense a debt, and so the claim of the defendant against the plaintiff if sustained is also a debt; so that there is at first sight a plausibility in the claim that a set-off should be allowed. But it is more plausible than sound. The recognizance in suit was simply a means of compelling the attendance of the party accused of crime to answer to the complaint and abide the order of the court thereon. This suit is a proceeding devised by law for the administration of criminal justice. The town is simply the agent or instrument of the sovereignty of the state in enforcing criminal law. It is more than that, it is a part of and stands for the sovereign power of the state; and in respect to this question stands on as high ground as the state itself. The criminal prosecution, although instituted by an officer elected by the town, is in the name of the state, and the grandjuror prosecuting is in the exercise of governmental power in the highest sense. For the convenience of administration towns are required to pay costs in certain cases, when there is a failure to convict, and certain bonds in the course of criminal prosecutions are required to be taken to the towns. But that does not change the nature and essential character of the proceeding. It is still the state acting through and by means of the town. It will not be contended that a bond taken to the state would be liable to a set-off. With as little reason will a set-off be allowed in cases of bonds taken to subdivisions of the state. The legislature could not have intended that the state, counties, cities, and

towns in the administration of criminal law should be involved in litigating stale, frivolous and disputable claims of a civil nature. While therefore the plaintiff's demand is in some sense and for some purposes a debt, yet we think it is not a debt within the meaning of the statute of set-off, and that the evidence offered by the defendant was properly rejected.

For these reasons a new trial must be denied.

In this opinion the other judges concurred.