HENRY HAGADORN, Supervisor, etc., Respondent, *v.*
ADOLPHE RAUX, Appellant.

An action cannot be maintained by the supervisor of a town in his name of office against his predecessor, for omitting in his last accounting to render an account of town moneys and securities in his hands, and converting the same to his own use. For these causes an action is expressly given by the statute to the town in its corporate capacity (1 R. S., 349, § 5, as amended by chap. 534, Laws of 1866), and must be brought in that name.

Although the language of the statute is in form permissive, yet its being for the protection of the public interests, the word "may" therein is the equivalent of "must," and the statute is mandatory upon the town auditors to bring an action in the name of the town.

(Argued February 8, 1878; decided February 22, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by plaintiff as supervisor of the town of Morehouse, Hamilton county, to recover against defendant, his predecessor in office, for moneys and securities belonging to the town alleged to have been erroneously omitted in his accounts rendered to the town auditors, and to have been converted to his own use.

The facts appear sufficiently in the opinion.

*John F. Seymour*, for appellant. Plaintiff was not the proper party to bring this action. (2 S. L. 1866, chap. 534, § 5, p. 1146.)

*Daniel Cameron*, for respondent. This action was properly brought by the town in the name of the supervisor. (2 R. S. [5th ed.], 774, § 105; 1 id., 829, § 1; id., 836, § 2; *Town of Guilford* v. *Cooley*, 58 N. Y., 116, 121; *Town of Lewis* v. *Marshall*, 56 id., 663.) The act of 1866 (chap. 534) did not prevent plaintiff bringing this action in his own name. (58 N. Y., 116, 121; *Delafield* v. *Kenney*, 24 Wend., 345, 347.)

Allen, J. The important question presented for our decision is as to the right of the plaintiff to maintain the action in his name of office, as supervisor of the town of Morehouse. He may bring actions to enforce any liability or any duty, enjoined by law to him, or the town represented by him, except in cases where, by special provision of law, actions are directed to be brought by the town in its corporate name, and when such is the case actions must be brought in that name. (2 R. S., 473, §§ 92, 93, 94.) In *Town of Lewis* v. *Marshall*, a memorandum of which is found in 56 New York, 663, it was decided, as appears by a reference to the case in *Town of Guilford* v. *Cooley* (58 N. Y., 116), that the action could not be maintained in the name of the town, under 1 Revised Statutes, 357 (§ 2), as it was directly within the exception in the statute, giving an action in the name of a town, except where town officers should be authorized by

law to sue in the name of office, as was the case for the cause of that action. The statute of 1866, hereafter referred to, was overlooked by the court and counsel in that case. This action is to recover moneys or securities belonging to the town for which the defendant, as supervisor, neglected to account, and which he converted to his own use as alleged. By statute (1 R. S., 349, § 4) the defendant, as supervisor, was required to account, with the officers named in the statute, for the disbursement of all moneys received by him, and such officers were required to enter a certificate on the book of accounts, kept by the supervisor, showing the state of his accounts at the date of the certificate. Section 5 was amended in 1866, but only by adding a new and independent provision, to which reference will be made. There was an accounting by the defendant with the town clerk and justices of the peace of the town, immediately before he went out of office, and a balance of $257.35 certified as remaining in his hands. By 1 Revised Statutes, 359 (§ 7), it was his duty to pay to the plaintiff, his successor in office, this amount thus ascertained by the auditors, and there is no complaint that this amount was not paid. The report of the referee is sufficient for all the purposes of the judgment, but is not as specific as might and would have been had he been requested by the defeated party to state the items upon which the report was based. Still from the whole case, and the arguments of the counsel, it sufficiently appears that the recovery was substantially for the moneys represented by a due bill of the county treasurer and a county check, which came to the hands of the defendant in November, 1867. The action was then not upon the accounting, or for the balance certified as remaining in his hands, but for omitting to render an account of those securities in his last accounting, and to this extent for rendering a false account, and for converting to his own use those securities, or the moneys named therein. For each and every of these causes an action is expressly given to the town in its corporate name, by chapter 534, of the Laws of 1866, amending the Revised Statutes. The lan-

guage of the statute is in form permissive, but it is for the protection of public interests, and to secure an honest accounting by public officers, and imposes duties upon the town auditors, and gives the town, in its corporate name an action; and in such cases the word "may" is the equivalent of "shall" or "must." The statute is mandatory upon the auditors named to commence proceedings by action or otherwise, in the name of the town, to compel an accounting, and to recover any money or property of the town which the supervisor has not duly accounted for. In a general statute conferring power upon public officers for public purposes, ·the words "shall" and "may" are ordinarily to be construed imperatively. (*Ross* v. *Ewer*, 3 Atk., 156.)

The Legislature intended to, and did impose upon the justices of the peace and town clerk the positive duty of taking action in the name of the town against a supervisor, whether in or out of office, for the malfeasance mentioned in the act, and whenever a positive duty, as distinguished from a discretionary power is intended to be imposed, "may" is to be construed "must." (*Mayor, etc., of New York* v. *Furze*, 3 Hill, 612 ; *Livingston* v. *Tanner*, 4 Kern., 64 ; *Hutson* v. *Mayor, etc., of New York*, 5 Seld., 163.) This necessarily brings the case within the exception to the statute (*supra*), authorizing supervisors and other officers to bring actions in their name of office to enforce liabilities to them, or the bodies represented by them. The duty is not upon the supervisor to bring the action, and the action is directed to be brought in the name of the town. *Town of Guilford* v. *Cooley* (*supra*) was like this, an action in the name of the town, as a corporate body, against a supervisor after he had gone out of office, to recover two sums of money received by him while in office, and which he had omitted from his account, and it was held that the action was properly brought in the name of the town. If that case was well decided, and we see no reason to doubt it, this action cannot be maintained. The policy of the legislation, as will be seen by reference to the statutes before quoted, is to give effect to special stat-

utes directing the bringing of actions by or in behalf of towns and other public bodies, and whenever special provision is made for actions, either in the name of the body corporate, or of a public officer representing such body in his name of office, to make such provision the paramount law, and to take the cases thus provided for out of the operation of other or general laws. It is clearly the intent of all the legislation to avoid all confusion and danger of collision, and the bringing of two or more actions for the same cause, by declaring by whom and in what name actions for the benefit of municipalities and other public bodies shall be brought. The decisions before quoted were decided upon this view of the legislative intent, and the effect of the statutes referred to.

Actions of this character are directed to be brought in the name of the towns, and this judgment must be reversed, and judgment for the defendant dismissing the complaint.

All concur, except FOLGER and EARL, JJ., not voting.

Judgment accordingly.