JUSTUS W. VICTORY, AS COMMISSIONER OF HIGHWAYS, ETC., RESPONDENT, *v.* BENJAMIN BLOOD, APPELLANT.

*Commissioner of highways — right of, to sue his predecessor to recover moneys held by the latter.*

A commissioner of highways can maintain an action against his predecessor in office to recover moneys received by the latter as commissioner, and remaining unexpended in his hands on the expiration of his official term. (LEARNED, P. J., dissenting.)

APPEAL from an interlocutory judgment, entered upon the trial of this action by the court without a jury.

*Martin L. Stover*, for the appellant.

*W. L. Van Denburgh*, for the respondent.

BOCKES, J.:

This action was brought by the plaintiff, commissioner of highways of the town of Florida, Montgomery county, to recover against the defendant, his predecessor in office, for moneys alleged to have been received by the latter in his official capacity, and not accounted for nor paid over to the plaintiff, his successor in office.

The case comes before the court on an appeal by the defendant from an interlocutory judgment, whereby it was decided and adjudged by the justice who tried the cause without a jury — a jury trial having been duly waived — first, that the action was maintainable by the plaintiff in his official capacity for the cause alleged; and, second, that a demand for an accounting and for payment of money remaining unexpended in his hands had been made by the plaintiff of the defendant prior to the commencement of the action, and that he had omitted to comply with such demand.

It was stipulated on the trial, as the record states, that these questions, one of law the other of fact, should be tried and determined by the judge; and if found in favor of the plaintiff, then that a reference should be ordered to take and state the defendant's account as late commissioner. Of course, if either of these questions should be found against the plaintiff, a dismissal of the complaint would follow; but the learned justice found both of the propositions in his favor, as above stated, and these findings are now challenged on this appeal.

The leading and important question in this case undoubtedly is, whether the action can be maintained by the plaintiff in his official capacity; whether a commissioner of highways can maintain an action against his predecessor in office for moneys received by the latter as commissioner, and remaining unexpended in his hands on the expiration of his official term. It is proposed first to examine this question.

It stands undisputed that commissioners of highways are authorized by various provisions of law to obtain and receive moneys to be held, expended and disbursed by them as such officers in their official capacity. Their rights, duties and obligations in the obtaining and expending of such moneys are prescribed by statute. Those moneys, when received, constitute a fund in the hands of such officers, to be by them disbursed in the maintenance of roads and bridges. These moneys pertain to and must follow the officer. They belong to the officer or officers, if more than one, for the purpose of meeting expenses and outlays in the necessary and proper exercise of the duties of the office. No other officer or body has any control over their disbursement, save perhaps in some instances of express direction as to particular object and amount,

and then the disbursement must be made by the commissioner or commissioners. The money on hand unexpended at all times belongs to the officer, and the incumbent of the office is at all times entitled to its possession and control. It must follow, as was laid down in *The Overseers of Pittstown* v. *The Overseers of Plattsburgh* (18 Johns., 407, 418), that in such case those officers will possess a power to vindicate their rights in regard to such moneys by action in the courts, even without any express authority by a legislative enactment. It is stated in the case cited that public officers must necessarily possess a capacity to sue, commensurate with their public trusts and duties. This doctrine of the law is recognized and has been acted on in many other cases. (*Todd, overeeer,* v. *Birdsall,* 1 Cowen, 260; *Supervisors* v. *Stimson,* 4 Hill, 136; *Clarissy* v. *Met. Fire Dep.,* 7 Abb. [N. S.], 352; *Hathaway, supervisor,* v. *Town of Homer,* 5 Lans., 273; *Looney* v. *Hughes,* 26 N. Y., 514, 516; *People* v. *Supervisors of New York,* 32 id , 477.) As was said in effect in *Hathaway, supervisor,* v. *Town of Homer* (*supra*), it is enough that money belonging to the plaintiff, as commissioner, is in the hands of the defendant to entitle the plaintiff to demand and have it, and if its payment be omitted and refused the former may maintain an action for its recovery. Indeed it is the legal duty of the party in such case to pay over to his successor in office all moneys in his hands unexpended, without demand, within reasonable time after the expiration of his term of office.

But we are of the opinion that there is express authority conferred by statute to maintain this action on the facts stated in the complaint. Section 112 (3 Rev. Stat. [6th ed.], 758,) provides that actions may be brought by " commissioners of highways of the several towns * * * to enforce any liability or any duty enjoined by law, to such officers or the body which they represent." The present Code of Civil Procedure differs somewhat from the statute cited in its language, but it is somewhat more comprehensive in its terms and meaning. (Code of Civil Pro. § 1926.) It is there provided that an action may be maintained by "the commissioner or commissioners of highways of a town * * * to enforce a liability created, or a duty enjoined by law upon those, officers, * * * or to recover damages for an injury to the property *or*

*rights* of those officers or the body represented by them." Now it is the duty of an outgoing commissioner, on the expiration of his term of office, to account to the town authorities and to pay over to his successor in office all moneys remaining in his hands as such commissioner. (1 Rev. Stat. [6th ed.], 850, § 11 ; Id., 846, § 73 ; Id., 834, § 48.) An omission and refusal so to account and to pay over moneys remaining in his hands is an injury to the rights of his successor in office, and creates a liability against him in favor of the latter. So an action by the latter is expressly given against him by the laws above cited. It is urged that section 11 of the Revised Statutes, above referred to, only requires the outgoing officer to pay over to his successor the balance of moneys remaining in his hands " as ascertained by the auditors of town accounts." Undoubtedly he might and should account to the board of town auditors, and the certificate of the board with payment to his successor of the amount found in his hands unexpended, would be a discharge of further liability to his successor. But this statutory duty in no way relieves him from his common law obligation to pay over to his successor the moneys to which the latter may be entitled. This provision of law does not create a condition precedent on which the right of the incumbent of the office to demand and have the money is made to depend. Its principal object is to secure an itemized statement from the outgoing officer, to the end that it may be seen that the money received by that officer has been fairly and fully disbursed or accounted for. His first and paramount duty is to pay over to his successor the moneys in his hands unexpended. He is presumed to know the exact amount so held by him and belonging to his successor, and payment to the latter at once is often and indeed generally important and necessary to meet the requirements of public convenience and needs. Retaining it an unnecessary and unreasonable length of time, and especially to refuse to account and pay over what may remain in his hands, is a breach of public trust and duty. No wrong is inflicted upon the outgoing officer by requiring such payment. The statute, which requires payment of the balance in his hands on an accounting before the board of audit, in no way restricts the rights of the incumbent to demand and have such balance. The right to demand and have such balance exists without that statute. So far as this

law has effect on the rights of the incumbent of the office, it is but cumulative. It is further urged that the commissioner cannot maintain the suit, because an action is given to the supervisor of the town on the defendant's official bond. (Sec. 48, above cited.) But such action by the supervisor would be for the benefit of the commissioner and cumulative to the right of the latter to bring suit himself for money held and detained by another to which he was entitled. (See remarks of DAVIS, J., in *Looney* v. *Hughes*, 30 Barb., 611, 612.) The case of *Hagadorn* v. *Raux* (72 N. Y., 583) is not in conflict with this conclusion. We must hold, as we think, that the defendant was bound to pay over to his successor all moneys in his hands unexpended at the expiration of his official term; and that an omission and refusal on his part to make such payment would give his successor in office a right of action therefor. Such is our conclusion on the question of law presented on this appeal.

The record shows that the parties stipulated on the trial that the judge should take evidence as to the demand, alleged in the complaint to have been made of the defendant, for an accounting and for payment to the plaintiff of any moneys remaining in his hands at the expiration of his official term. Evidence was submitted on this question of fact, and the learned judge found thereon in favor of the plaintiff.

It is now urged that such finding is erroneous, because unsupported by the proof; and it is further urged that evidence tendered by the defendant bearing on this question was erroneously excluded. On looking into the case we are of the opinion that the finding is supported by the proof. There is evidence tending to show, and as we think showing, that the plaintiff was full and broad in his demand upon the defendant as well for an accounting (although this was not, perhaps, necessary to the action) as also for the moneys claimed as remaining unexpended in his hands. The defendant very manifestly denied, and intended to be understood as denying, to the plaintiff all right and claim upon him by the latter for any and all causes whatsoever. Such is the fair and just import of the evidence. Nor do we think any material evidence offered by the defendant bearing on the question of *the demand* was excluded. The excluded evidence did not bear at all on that question. It would, perhaps, be competent on the taking of the account before

the referee, but that subject need not be here considered.   We do not see that any evidence bearing on the question of demand was improperly excluded.

The interlocutory judgment appealed from must be affirmed, with costs of appeal against the appellant.

These costs should be included in the general recovery by the plaintiff, when final judgment shall be awarded in case the plaintiff shall have the costs of the action awarded to him, otherwise to be deducted from the defendant's recovery in case he shall succeed in the action.   It should be noted that by the interlocutory judgment the question of general costs was reserved until the coming in of the referee's report on the accounting, which accounting should now be proceeded with.

Judgment affirmed, with costs as above suggested.

BOARDMAN, J., concurred.

LEARNED, P. J. (dissenting) :

This action is brought by the present commissioner of highways of the town of Florida against his predecessor in office.   The complaint sets forth that plaintiff is such commissioner, and that defendant was his immediate predecessor.   That defendant, as such commissioner, received a large amount of money, and that he still retains several hundred dollars thereof.   That the plaintiff has requested the defendant to render him an account of all moneys received and paid as commissioner, and to pay over the balance, and that the defendant has refused.   And the complaint demands that the defendant render an account and pay $1,000.   The answer denies everything except that the plaintiff is commissioner, and the defendant was his predecessor.

On the trial of the case some proof was given that the plaintiff had made a demand.   This was denied, but on the conflicting evidence the court found a demand.   No evidence whatever was received that the defendant still had any moneys in his hands in his official capacity; something that had been given on that point being stricken out.   The defendant offered to show that he had accounted to the plaintiff for the moneys in his hands as commissioner at the expiration of his term of office.   The plaintiff objected

and the court excluded the evidence, saying that the only question then to be tried was the demand. To this the defendant excepted.

It is recited in the decision, made by the learned justice, that it was consented that evidence should be taken on the alleged demand, and that if the court should find that there was a demand and that the complaint was sufficient, an accounting should be had before a referee. Unfortunately in the case and exceptions made for the purpose of reviewing this decision no such agreement appears. And that case and exceptions are stated to contain all the testimony and proceedings had and taken upon the said trial. We are embarrassed, therefore, by the fact that the learned justice, in settling the case, has by implication said that there was no such agreement.

The decision finds that the plaintiff is commissioner, and that the defendant was his predecessor and received moneys ; that the plaintiff has demanded the balance of moneys in the defendant's hands, and that the defendant has not rendered to plaintiff an account or paid him any money. It does not find that the defendant has any money in his hands ; and it appoints a referee to take the defendant's accounts and require the defendant to pay to the plaintiff any money found due on such accounting. Thus the decision of the court goes further than to hold that a commissioner of highways may recover moneys in the hands of his predecessor. It holds that a commissioner may bring an action for an accounting, even though there should be no moneys in the predecessor's hands, and may recover the balance which may be found to be in his hands on such an accounting. That is, it holds that a commissioner of highways, whose term of office has expired, may be called to render his accounts before a referee appointed in an action brought by his successor in office.

By chapter 172, Laws 1863 (1 R. S. [6th ed.], 846, §§ 72, 73), the town auditors are authorized and required to examine the accounts of the commissioners of highways, and the commissioners are required to account with the town officers for moneys received and disbursed by them. By 1 Revised Statutes (m. p. 502, § 3) the commissioners of highways are to render their account to the board of town auditors at their annual meeting for auditing accounts. By 1 Revised Statutes, m. p. 359, section 7 (1 R. S. [6th ed.], 850,

§ 11) the commissioner of highways, on going out of office, is to pay to his successor "the balance of moneys remaining in his hands, as ascertained by the auditors of town accounts." Thus the statutes have provided a body before whom it is the duty and the privilege of the outgoing commissioner to account. And the duty imposed on him of paying over money to his successor is limited to the balance *as ascertained by that body.* The moneys in his hands come from the inhabitants of the town, and are to be used in caring for the highways of the town. It is highly proper, therefore, that the town auditors, who are the persons representing the town in such matters, should have control of the accounting. It seems to me that it would be improper that the successor in office should control the accounting. If the successor may maintain an action for an accounting there is nothing to protect the town against collusion. For if the accounting ordered in this case is legal, then it will be binding on the town and on the defendant. The defendant could not be required to account again before the town auditors after having accounted in this action. Thus the town will be deprived of its right to call its officer to an accounting. For, if the plaintiff can call this defendant to an accounting, then it follows that this plaintiff can allow or disallow any items in the defendant's account. And if he can do this in an action, he could have done it without an action.

And it comes to this, that an outgoing commissioner of highways may settle his accounts with his successor in office. I know of no right which exists in any officer, by mere virtue of his office and without express statutory authority, to settle and pass upon the accounts of his predecessor.

And it will be observed that in 1 Revised Statutes (m. p. 358, 359), sections 5 and 7, it is provided that the successor is entitled immediately to the "*records, books and papers.*" But that when the balance of moneys is spoken of, it is the balance "as ascertained by the auditors of town accounts." Thus a distinction is drawn as to the records, books and papers, which are to be handed over at once, and the balance of moneys, which must first be ascertained by the town auditors. And the distinction is sound, for the reasons above given. Because the town, through its creditors, has a right to control the accounting. And it may be seen also that in the fol

lowing sections (8 and 9) it is only the records, books and papers which are provided for. We are referred also by the plaintiff to Laws of 1845, chapter 180, section 3 (1 R. S. [6th ed.], 834, § 48). This section requires the commissioner of highways to give a bond to the supervisor conditioned, among other things, to pay over the moneys remaining in his hands to his successor on account. But plainly this section gives no right of action to the successor. The right of action must be with the obligee, that is the supervisor. And nothing authorizes the successor to determine the amount due, by having an accounting. At any rate the present action is not upon the bond. I do not think it necessary to inquire whether or not an action for the balance found in the outgoing commissioner's hands might not be maintained by his successor, after the balance had been "ascertained by the auditors of town accounts." For then he is directed by statute to pay it over. But I find no statute or authority authorizing or permitting him to settle his accounts with his successor, and none which gives the successor any right to sue for the balance before it has been ascertained by the town auditors. The case of *Hagadorn* v. *Raux* (72 N. Y., 583) is closely in point. There a supervisor sued his predecessor for moreys alleged to be in his hands, and to have been erroneously omitted in his accounts rendered to the town auditors. The court refer to 1 Revised Statutes (m. p., 359, § 7), and say that it was the supervisor's duty to pay to his successor any amount ascertained by the town auditors. But it was not claimed that he had neglected to do this. The plaintiff sued to recover amounts, as to which the defendant had not accounted before the auditors; just as the plaintiff had done in the present case. The court said that the action should be by the town. (Laws 1866, chap. 534.) That case shows that the court considered the duty imposed on an officer by section 7, above cited, to be limited to the balance as "ascertained by the town auditors."

The position of the parties interested may be illustrated by a case where a principal has discharged one agent and appointed another in the same business. The outgoing agent would have to settle his accounts with the principal. When a balance had been ascertained he might be authorized to pay over to his successor.

There is another point. The defendant offered to prove that he

had in fact rendered to the plaintiff a true account. He was asked, "Did the highway book delivered to you by Victory contain a true account and statement of your account as commissioner of highways?" This was objected to and excluded. The plaintiff himself had testified that the defendant had given him a book containing what purported to be his accounts; but this evidence was stricken out. Now, even if it were the duty of the defendant to account to the plaintiff, here was evidence offered to show that he had done so, and again a formal offer to prove that he had accounted to plaintiff was made. If he had accounted, how could he be liable to an action to compel an accounting? Yet the learned justices finds that the defendant had rendered no account of moneys received and paid out by him as commissioner. Thus the learned justice found that the defendant had not done that which he refused to permit the defendant to prove that he had done.

I think the judgment should be reversed and a new trial granted, costs to abide the event.

Judgment affirmed, with costs.