Heffernan, J.
This is an appeal by an employer from a decision of the Unemployment Insurance Appeal Board, which affirmed the decision of an unemployment insurance referee sustaining determinations of the Industrial Commissioner denying its applications for refunds aggregating $14,658.53, representing unused contribution rate credits issued to it for the years 1945, 1946 and 1947 pursuant to section 577 of the Unemployment Insurance Law (Labor Law, art. 18).
The question presented is one of first impression. No issue of fact is involved. The sole issue is whether appellant is entitled to a cash refund of unused contribution rate credits issued to it for the years in question.
Appellant had been engaged in business and subject to the payment of unemployment insurance contributions from 1943 to 1947. In 1946 it began to liquidate its affairs and by the end of 1947 it had discontinued business.
A contribution rate credit was issued to appellant for the year 1945 in the amount of $11,749.12. Of this credit $10,194.09 was used in payment of contributions payable for the four calendar quarters beginning with the third quarter of 1945. The balance of $1,555.03 was never used.
For the year 1946 appellant received a rate credit of $13,042.37 of which $287.69 was used.
For the year 1947 a credit of $355.44 was issued to appellant of which $6.62 was used.
On or about May 8, 1947, appellant filed a refund claim for $1,555.03 representing the unused portion of the credit issued to it in 1945. This claim was denied by the commissioner on May *645 27, 1947, upon the ground that “ The Unemployment Insurance Law provides that the tax credit issued to an employer may only be used to pay contributions due for the four consecutive calendar quarters beginning July 1945 in your case.”
On or about April 26, 1948, appellant filed a refund claim for $13,103.50, representing the unused portion of the credits issued in 1946 and 1947. This claim was denied by the commissioner on June 10, 1948, on the ground that the statute makes no provision for a cash refund of unused credits.
The pertinent provisions of the Unemployment Insurance Law are subdivision 6 of section 570 and subdivision 4 of section 577 which we quote:
Subdivision 6: “ Refunds and credits. If an employer shall make application for refund of any contribution, interest, or penalty paid by him or for a credit thereof and the commissioner shall determine that such contribution, interest or penalty, or any portion thereof was erroneously collected, the commissioner shall refund said amount or allow a credit therefor, without interest, out of the fund unless the employer shall have already deducted said amount by way of credit against moneys payable by him into the fund. No refund or credit shall be allowed unless an application therefor shall be made on or before whichever of the following dates shall be the later: (a) one year from the date on which such payment was made; or (b) three years from the last day of the first month following the end of that calendar quarter during which the remuneration was paid which formed the basis for contributions, interest, or penalty claimed to have been erroneously collected. For a like cause and within the same period a refund may be so made or a credit allowed on the initiative of the commissioner.”
Subdivision 4. “ Contribution rate credits. * * * Notice, application and transfer of credits, (a) Bach qualified employer shall, as soon as practicable after the effective date, be furnished a notice showing the amount of credit to which he is entitled. The amount shown on the notice may be applied against contributions which are payable on wages paid in the four consecutive calendar quarters beginning after the effective date, and reported not later than thirty days after the date prescribed by the commissioner for payment of contributions on wages paid in the last of such quarters.”
It is contended by appellant that there is nothing in the Unemployment Insurance Law which prohibits a cash refund of unused contribution rate credits and that hence the Industrial Commis *646 sioner has power to make such a refund. That argument overlooks the fact that we are dealing here with the right of a State officer to make refunds of taxes which were properly and lawfully collected. In the absence of specific authority authorizing such refunds the Industrial Commissioner is powerless to make them.
It is to be noted' that subdivision 4 of section 577 provides that the amount of such contribution rate credits “ may be applied against contributions which are payable on wages paid in the four consecutive calendar quarters beginning after the effective date ”. For 1945 and 1946 the “ effective date ” was July 1st (L. 1945, ch. 646). For 1947 and thereafter the “ effective date ” is September 30th (L. 1947, ch. 809). The appellant here was unable to use all its contribution rate credits for the years in question because of a sharp reduction in the number of employees employed by it. On January 1, 1945, appellant employed 1,414 persons. This number was reduced so that as of December 31, 1947, it employed only one person.
The statute provides only one method for the use of these contribution rate credits. They must be used in payment of contributions due during the four calendar quarters following the effective date mentioned in the statute. If they are not so used, the credit abates. The term “ may be applied ”, as used in subdivision 4 of section 577, means “ must be applied ”. (Lincoln Candies, Inc., v. Department of Labor, 289 N. Y. 262, 266; Hagadorn v. Raux, 72 N. Y. 583, 586.)
Appellant also asserts that the unused portion of the contribution rate credits constitutes an overpayment of the unemployment insurance tax by appellant. Subdivision 6 of section 570 permits refunds only in cases where the taxes have been “ erroneously collected ”, There is no question in this case that the taxes, when paid, were justly due and owing. No claim is made by the appellant that said taxes were erroneously collected at the time they were paid. Under such circumstances, a refund is not permitted.
The decision of the appeal board therefore should be affirmed.
Foster, P. J., Bbewsteb, Bebgaft and Coon, JJ., concur.
Decision of the Unemployment Insurance Appeal Board affirmed, with costs to the Industrial Commissioner. [See 277 App. Div. 911.]