THE MERCHANTS AND TRADERS' NATIONAL BANK, Appellant and Respondent, *v.* THE MAYOR, ALDERMEN AND COMMON COUNCIL OF THE CITY OF NEW YORK, Respondent and Appellant.

An ordinance of the common council of the city of New York required the heads of departments, to insert in every contract for work a provision that the last installment payable thereunder shall be retained, until satisfactory evidence is furnished that all persons have been paid or secured, who have done work or furnished material under the contract, " and who may have given written notice to such head of department any time within ten days after the completion of the contract," that a balance was still due them and unpaid. In an action against the city to recover a balance unpaid upon a contract which contained the provision required

by said ordinance, and in which action all claimants who had filed notices were made parties defendants, it appeared that the balance retained was less than the aggregate of claims of parties who had filed notices. The trial court ordered judgment dismissing the complaint and directing the city to pay the balance to the claimants. *Held* no error ; that the object of the ordinance was to secure to persons furnishing labor and material some of the advantages given by the mechanics' lien laws ; that the city held the balance as trustee for the benefit of such persons, and while the city assumed no express liability to them, it was under an implied obligation to them which could be enforced by the court.

Also *held*, that notices of claims given before the completion of the work were valid ; that the provision of the ordinance for a notice " at any time within ten days after the completion of the contract" did not limit the time to the ten days, but simply required notices to be given before or within ten days after such completion.

The city was charged with interest after the completion of the contract. *Held* error ; that it was not in default as there was no time until the judgment was entered, when it could with safety pay the money to any person ; but that the city was chargeable with interest after such entry.

As to costs, the court held, that as plaintiff failed utterly on its appeal, it was properly chargeable with costs ; that the city corporation, having succeeded in its appeal against the claimants on the question of interest, was entitled to costs. Instead, however, of directing the plaintiff to pay costs to the claimants and they to the city, ordered that plaintiff pay costs directly to the city.

(Argued October 28, 1884 ; decided November 25, 1884.)

THESE were cross-appeals from portions of a judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made at the June term, 1882, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

By section 91 of chapter 335 of the Laws of 1873, it is provided that all contracts to be made, or let for work to be done for, or supplies to be furnished to the city of New York, should be made by the appropriate heads of departments under such regulations as then existed or should thereafter be established by ordinances of the common council. At the time of the passage of that act there was an ordinance in force which provided as follows : " In all contracts for work done by or

for the corporation, the head of the department having charge thereof shall cause to be inserted a provision that the payment of the last installment due in pursuance thereof shall be retained until such head of department shall have satisfactory evidence that all persons who have done work or furnished materials under any such contract, and who may have given written notice to such head of department any time within ten days after the completion of said work, that any balance for such work or materials is still due and unpaid, have been fully paid or secured such balance. And if any person so having done work or furnished materials and given such notice as aforesaid shall furnish satisfactory evidence to the department that money is due to him by the contractor under such contract, such head of department shall retain such last installment or such portion thereof as may be necessary until such liability shall be discharged or secured." On the 19th day of August, 1875, while such ordinance was in force, the city, through the commissioner of public works, entered into a contract with Michael Gavin for improving a portion of Eleventh avenue, which contract contained the following clause: "The said party of the second part hereby further agrees that he will furnish said commissioner with satisfactory evidence that all persons who have done work or furnished materials under this agreement, and who may have given written notice to the said commissioner before, or within ten days after the completion of the work aforesaid, that any balance for such work or materials is still due and unpaid, have been fully paid or secured such balance. And in case such evidence be not furnished as aforesaid, such amount as may be necessary to meet the claims of the persons aforesaid shall be retained from any moneys due the said party of the second part under this agreement until the liabilities aforesaid shall be fully discharged, or such notice withdrawn."

Gavin entered upon the performance of his contract and he fully completed it on the 7th day of January, 1878. On the 18th day of October, 1876, he assigned to the plaintiff all moneys due and to grow due under his contract. Both before and after the last date, but before the completion of the contract,

various persons who at the request of Gavin had done work and furnished materials toward the completion of the contract, gave written notices as required by the contract, of amounts due them, respectively, which notices were accompanied with proof of the sums due, which were accepted by the head of the department as satisfactory.

Prior to the commencement of this action in April, 1878, the notices thus filed had not been withdrawn, and the claims mentioned in them had not been paid or discharged, and the amount unpaid under the contract was about $12,000, which was less than the aggregate claims of the parties who filed the notices. This action was commenced by the plaintiff as assignee of Gavin to recover that balance, and all the persons who had filed notices were made defendants with the city under allegations that they claimed some lien upon or interest in such balance.

The cause was brought to trial at a Special Term; the court found the facts above stated, and ordered judgment dismissing the complaint, and that the balance unpaid upon the contract be paid by the city to the other defendants, in the order in which the notices were filed, with interest from July 2, 1878. The plaintiff appealed to the General Term and to this court from the whole judgment, and the city appealed from so much thereof as ordered it to pay interest.

*John H. Strahan* for plaintiff. The clause in the contract, pursuant to the provisions of which the notices are alleged to have been given, is contrary to law, and, therefore, of no force or avail. (*Burk* v. *Mayor, etc.*, 5 N. Y. Sup. Ct. 372; *Farmers' Loan and Trust Co.* v. *Carroll*, 5 Barb. 649; *Donovan* v. *Mayor, etc.*, 33 N. Y. 291; Dillon on Mun. Corp., § 55; chap. 335, Laws of 1873, § 91, p. 503; §§ 71, 72, 73, 91, pp. 502, 503, 508; Dillon on Mun. Corp., §§ 249, 251, 301; *Mayor, etc.*, v. *Nichols*, 4 Hill, 210; Laws of 1872, pp. 14, 15; *People, ex rel. Slatterlee*, v. *Police Commissioners*, 75 N. Y. 38.) The city, in view of the provisions of the statute of 1872, cannot charge the contractor with interest on the monthly payments made to him; and cannot retain the reserved thirty per

cent until an assessment for the work is confirmed. (*Tone* v. *Mayor, etc.*, 70 N. Y. 164, 165.) The power of the legislature to regulate the manner in which public work shall be contracted, and, as a consequence, the terms and conditions of the contracts for the performance of such work, cannot be foreclosed by any contract of a municipal corporation for the doing of such work. (*Matter of Protestant Episcopal Church*, 46 N. Y. 181.) An action may be maintained on a promise made to a third person for the benefit of another without any consideration moving from such other. But, in all such cases, it is required that the promise be made upon a valid consideration moving from such third person. (*Judson* v. *Gray*, 17 How. Pr. 289 ; *Hoffman* v. *Schwalbe*, 33 Barb. 195–6.) Two things are essential to constitute an equitable assignment — an agreement to pay out of a particular fund ; an appropriation of the fund in such a manner that the holder thereof would be authorized to pay it to the creditor without the intervention of the debtor. (*Hoyt* v. *Story*, 3 Barb. 262, 266; *Quinlan* v. *Russell*, 47 N. Y. Sup. Ct. 221.) This authority to retain from moneys to become due to the contractor, until certain liabilities which he may incur are discharged by him, or notice in reference thereto is withdrawn, rests on contract, and is in its nature a license revocable at pleasure. (*Ex parte Colburn*, 1 Cow. 568; *Jamieson* v. *Milleman*, 3 Duer, 255; *Tillotson* v. *Preston*, 7 Johns. 285 ; *Mumford* v. *Whitney*, 15 Wend. 380; *Babcock* v. *Utter*, 1 Keyes, 115; *Jackson* v. *Babcock*, 4 Johns. 418.) The assignment was a valid transfer to the plaintiff of all moneys due or to become due by the city under the contract. (*Devlin* v. *Mayor, etc.*, 63 N. Y. 8.)

*D. J. Dean* for the Mayor, etc., defendant. The city is not chargeable with interest in this action. (*Curtiss* v. *Inneratly*, 6 How. 146 ; *Van Rensselaer* v. *Jewett*, 2 Comst. 135 ; *Adams* v. *Fort Plain Bk.*, 36 N. Y. 261; *Danna* v. *Fiedler*, 2 Kern. 51.) It is not in default as toward the claimants. (*Little* v. *Banks*, 85 N. Y. 263 ; *People* v. *Canal Comm'rs*, 5 Denio, 404.) It is not chargeable with interest under circum-

stances where another trustee would not become so chargeable. (*Robinson* v. *Corn Exchange Ins. Co.*, 1 Abb. 190 ; *Utica Bk.* v. *Van Geisen*, 18 Johns. 485 ; *Williams* v. *Storrs*, 6 Johns. Ch. 358 ; 1 Campbell, 129 ; *People* v. *Gasherie*, 9 Johns 71 ; *Pease* v. *Barber*, 3 Caines, 266 ; *Amory* v. *McGregor*, 15 Johns. 38.) Even in the case of a creditor having an immediate and direct claim upon the city treasury, where no demand has been made, interest may not be recovered. (*Taylor* v. *Mayor, etc.*, 67 N. Y. 94 ; *Van Wart* v. *Mayor, etc.*, 52 How. 86 ; *Paul* v. *Mayor, etc.*, 7 Daly, 44.)

*L. Laflin Kellogg* and *James Ridgway* for the Bigelow Blue Stone Company *et al.*, defendants. The plaintiff, as assignor of the contractor, stands in the same relation, under the contract, as the contractor before the assignment was made. (*Schaefer* v. *Reilly*, 50 N. Y. 61 ; *Greene* v. *Warwick*, 64 id. 224 ; *Crane* v. *Turner*, 67 id. 437 ; *Trustees of Union College* v. *Wheeler*, 61 id. 88.) The agreement in the contract is valid even in the absence of the ordinance. (*Little* v. *Banks*, 85 N. Y. 263.) Even if the clause in the contract was inserted without and against authority, the defendant Gavin and those claiming under him are estopped from denying the agreement. (*Hathaway* v. *Payne*, 34 N. Y. 109.) The value of materials furnished under a contract cannot be recovered on an implied liability. (*McDonald* v. *Mayor, etc.*, 68 N. Y. 23.) The defendants, being the parties for whose express benefit the clause in the contract was inserted, can recover thereunder. (*Schemerhorn* v. *Vanderheyden*, 1 Johns. 140 ; *Lawrence* v. *Fox*, 20 N. Y. 271 ; *Howe Machine Co.* v. *Fagan*, 8 Hun, 174 ; *Hutchings* v. *Miner*, 46 N. Y. 460 ; *Ætna Nat. Bk.* v. *Fourth Nat. Bank*, id. 92 ; *Brewer* v. *Dyer*, 7 Cush. 337 ; *Guernsey* v. *Rogers*, 47 N. Y. 233 ; *Coster* v. *City of Albany*, 43 id. 411 ; *Hoffman* v. *Schwab*, 33 Barb. 195 ; *Barker* v. *Bradley*, 42 N. Y. 316.) Contractors who assume for a consideration received by covenant, express or implied, to do certain things, are liable, in case of neglect to perform such covenant, to a private action at the suit of the party injured by such neg-

lect, and such contract inures to the benefit of the individual interested in its performance. (*Little* v. *Banks*, 85 N. Y. 263; *Robinson* v. *Chamberlain*, 34 id. 161; *West* v. *Village of Buckport*, 16 id. 161; *City of Brooklyn* v. *Brooklyn R. R. Co.*, 47 id. 130; *McMahon* v. *Second Ave. R. R. Co.*, 75 id. 231.) An agreement for a future lien is good. (*Hale* v. *Omaha Nat. Bk.*, 49 N. Y. 626; *Wisner* v. *Ocumpaugh*, 71 id. 186.) The provisions of the contract operated as an equitable assignment. (*Murphy* v. *Bowery Nat. Bk.*, 30 Hun, 45; *People, ex rel. Dannat*, v. *Comptroller*, 77 N. Y. 45; *Munger* v. *Shannon*, 61 id. 251.) There was no error in the allowance of interest against the city from the date fixed by the trial judge. (*People* v. *Canal Comm'rs*, 5 Denio, 404; *McCallum* v. *Seward*, 62 N. Y. 316; *White* v. *Miller*, 78 id. 393; *Taylor* v. *Mayor*, 67 id. 94.)

EARL, J. The ordinance relied upon by the defendants was authorized by law and was in force when the contract with Gavin was made, and it authorized the clause in the contract upon which the judgment below was based. The ordinance provides for a notice to be given "at any time within ten days after the completion" of the work, and the counsel for the plaintiff, therefore, contends that the notice cannot be given before the completion of the contract, but that it must be given after the completion and within ten days thereafter. We think this is not the proper construction. The parties entitled to give notices might not know, and might find it difficult to know when the contract was completed, and they might thus lose the benefit intended for them. There could be no purpose to compel such parties to wait for years before they could give the notices and to limit them to the precise ten days. The meaning of the ordinance is that the notices must be given before the expiration of ten days after the completion, and hence the clause in the contract providing for notices "before or within ten days" after the completion was authorized.

The notices in this case were accompanied with proof of the amounts due the claimants, and hence in that respect complied

with the ordinance, and no other evidence of their claims was required.

Hence as the plaintiff was in no better position than its assignor, and the claims of which notices had been given had not been paid or discharged, the city had the right to hold the money unpaid upon the contract, and the complaint was properly dismissed.

But the plaintiff claims that even if it was not in a condition to claim the money at the time of the commencement of the action, a judgment ordering payment to the defendants who had filed notices was wholly unauthorized. We think the purpose of the ordinance was to secure to persons furnishing labor and materials to contractors with the city, some of the advantages which the lien laws of the State give to mechanics and materialmen; and this result was sought to be accomplished by making the city a trustee of the unpaid balance due upon the contracts with it for the benefit of such persons. It certainly was not the purpose to leave such balance in the possession of the city forever, capable of being drawn by no one. It could not have been the understanding of the parties to the contract that if the contractor failed to pay the persons giving notices, they could have no claims upon the money due from the city, and that the city should be exempt from payment to any one. The ordinance and the clauses inserted in the contract in pursuance thereof were intended for the benefit of the laborers and materialmen dealing with the contractor, and they should not be so construed as to make them illusory, misleading and nugatory. The city in such a contract assumes no express liability to pay the laborers and materialmen, and cannot be sued upon such a liability. But it is placed under an implied obligation to hold the money as trustee according to the terms and effect of the contract which can be enforced in an action to which all persons interested in the money are made parties. Hence we think the judgment made a proper disposition of the money.

But there was manifest error in ordering the city to pay interest on the money. As before stated, the city was a trustee

of the money, and there is no proof that it received any interest upon the money, or that it could have received any. It was in no default and there was no time until the judgment was entered when it could with safety pay the money. It never denied the rights of its co-defendants, but on the contrary prayed in its answer that the money should be paid to them. It held the money in discharge of its trust while the claimants thereto were settling their interests therein. None of them demanded that the money should be paid into court, and if it had thus been paid it does not appear, and is by no means certain, that any interest would have accrued. The city was liable to pay interest after the entry of judgment but not before.

The judgment should, therefore, be modified by striking therefrom all the interest on the various sums ordered to be paid, and as thus modified, should be affirmed, with costs in this court to the city, to be paid by the plaintiff, and without costs as to other parties.

All concur.

Upon a subsequent motion to amend the remittitur, the following opinion was handed down:

*Per Curiam.* All the points now made for an amendment of the remittitur were considered when we rendered our judgment. The city should pay interest from the entry of the judgment at Special Term. The time had then come when it should have paid the principal sum, about the amount of which there was no longer any dispute, into court, and then the claimants could have obtained it, or have compelled the plaintiff to give such security upon the appeal as would have secured to them the interest.

As to the costs, the plaintiff made the city as well as the claimants, respondents, and failed utterly, and the city succeeded in its appeal against the claimants. Instead of ordering the plaintiff to pay costs to the claimants and they to the city, we thought it better to order the plaintiff to pay costs directly

to the city, as we had the undoubted discretion to do, and no injustice was done.

The motion should be denied.

All concur.

Judgment accordingly.