SAMUEL P. McCONNELL, Respondent, v. S. FLETCHER ALLEN et al., Composing the Town Board of the Town of Cortlandt et al., Appellants.

STATUTE OF 1905, CHAPTER 396, IS PERMISSIVE AND NOT MANDATORY. Chapter 396 of the Laws of 1905, authorizing the investment of moneys received from the city of New York by the town of Cortlandt, on settlement of its claim for certain highway and water rights, is permissive and not mandatory. The investment of the fund was discretionary with the

officers of the town, and the town board had the power to devote the fund to the improvement of the highways of the town by virtue of chapter 164 of the Laws of [1891, entitled "An act to extend the power of town boards."

*McConnell* v. *Allen*, 120 App. Div. 548, reversed.

(Argued October 14, 1908; decided November 10, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 7, 1907, which reversed a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nathan P. Bushnell* and *Clinton F. Ferris* for appellants. The town board of the town had ample authority to expend the sum in question, because the money in question is surplus moneys within the meaning of the statute. (L. 1891, ch. 164; *McKane* v. *Voorhis*, 19 N. Y. Supp. 141.) Chapter 396 of the Laws of 1905 is not to be construed as mandatory so as to require the investment of this fund, as a permissive statute is only to be construed as mandatory where the legislative intent to make it so is apparent, or public interest or justice require such a construction. (*Medbury* v. *Swan*, 46 N. Y. 200; *Morse* v. *P. P. Co.*, 71 App. Div. 351; *Seiple* v. *Borough of Elizabeth*, 27 N. J. L. 407; *Phelps* v. *Hawley*, 3 Lans. 160; 52 N. Y. 23; *Adriance* v. *Supervisors of New York*, 12 How. Pr. 224; *State ex rel. Gaxxalo* v. *Hudson*, 13 Mo. App. 61; *State ex rel. Kyger* v. *Holt County Court Justices*, 39 Mo. 521; *Ex parte Banks*, 28 Ala. 28; *Cooke* v. *S. Nat. Bank of Boston*, 50 Barb. 339; 3 Abb. Pr. [N. S.] 339; *Mullins* v. *People*, 24 N. Y. 399; 23 How. Pr. 289.)

*Edward M. Grout, Paul Grout* and *Dean Potter* for respondent. Chapter 396, Laws of 1905, providing for the investment of the fund in question, is mandatory. (*Hutson*

v. *Mayor, etc.*, 9 N. Y. 163; *People ex rel. Lockport* v. *Board of Supervisors*, 49 Hun, 32; *Hagadorn* v. *Raux*, 72 N. Y. 583; *Phelps* v. *Hawley,,* 52 N. Y. 23; *Matter of Lauterjung*, 16 J. & S. 308; *People ex rel. Otsego* v. *Supervisors*, 51 N. Y. 401; *Medbury* v. *Swan*, 46 N. Y. 200; *People ex rel. Comstock* v. *City of Syracuse*, 59 Hun, 258; *Morse* v. *P. P. Co.*, 71 App. Div. 351; *Adriance* v. *Supervisors*, 12 How. Pr. 224.) Even if chapter 396, Laws of 1905, were not mandatory, the town board has no authority to expend the moneys in question. (*P. F. Ins. Co.* v. *Parker*, 35 N. J. L. 575; *McKane* v. *Voorhies*, 45 N. Y. S. R. 620.)

Haight, J. The plaintiff as a taxpayer of the town of Cortlandt brings this action to restrain the town board from expending or contracting to expend, for highway purposes, certain moneys received from the city of New York; and that the supervisor of the town be required to invest the same and to apply the income therefrom only, in maintaining certain highways of the town. It appears from the findings that the city of New York, by its aqueduct commissioners, had appropriated certain highways and water rights of the town for the benefit of the city, and that the town had presented a claim against the city therefor which was subsequently settled by the city constructing a new highway in the place of the one appropriated and the payment to the town of the sum of $17,865.00. Thereupon the town board, upon the petition of fifty-four of the taxpayers of the town, concluded to expend the same in improving certain highways of the town, and had threatened to and were about to enter into a contract for the making of such improvement.

After the city of New York had entered into an agreement with the town of Cortlandt to settle its claim for damages, the legislature passed an act, known as chapter 396 of the Laws of 1905, which is entitled and provides as follows:

" An Act to authorize the supervisor or supervisors of certain towns in the county of Westchester, to invest moneys received by the said towns from the city of New York, in

payment of damages for highways or bridges taken by said city, in connection with the acquisition of certain lands for its water supply.

"Section 1. The supervisor or supervisors of the towns of * * * Cortlandt, are hereby authorized by and with the consent of the town board to invest as hereinafter provided, any moneys or funds received by the above-named towns or their proper officers from the city of New York in payment of damages for highways or bridges taken by the city of New York within said towns, which taking was made necessary by the acquisition of certain lands by said city for water supply.

"Section 2. The supervisor or supervisors of the towns referred to in section one by and with the consent of the town board of the said several towns may invest such funds or moneys referred to in section one in any securities in which savings banks incorporated under the laws of the state of New York are authorized to make investments, and the said supervisor is authorized hereby to collect the interest from such investments as may be made in pursuance of this act, which income shall be expended by him in such manner as the town board and highway commissioners of each of the several towns may direct."

The question presented for our review is as to whether this act is mandatory or permissive only. It will be observed that the fund in question was received from the city of New York in payment for damages resulting from the taking of certain highways and bridges and the acquisition of certain lands by the city for its water supply. It was not, therefore, a fund which had been raised by the town for any purpose required by the statute. The supervisor was authorized, by and with the consent of the town board, " to invest as hereinafter provided." The consent of the town board here provided for appears to us to pertain to the right of the supervisor to invest and not to the manner of the investment; for the manner of the investment is provided for in the next section, which is to the effect that it may be invested in any securities in which

savings banks incorporated under the laws of the state are authorized to make investments. Here again we find the consent of the town board is also required, but evidently in this place it has reference to the securities that shall be. selected for such investment. It will further be observed that the supervisor of the town is "hereby authorized" to invest, etc., not that he shall or is required to invest; nor do we have any time limit in which the investment is to be made, but under the statute it must continue to be invested forever. Again, the supervisor is authorized to collect interest from such investments as *may* be made, and expend the same in such manner as the town board and highway commissioners *may* direct. We thus have permissive words throughout, without a single word in the whole statute indicating mandatory intent on the part of the legislature. We are of the opinion, therefore, that it should be construed as permissive only and not as a mandatory statute.

Chapter 164 of the Laws of 1891 is entitled "An Act to extend the powers of town boards." It provides as follows:

"Section 1. The supervisor, town clerk and justices of the peace or a majority thereof in any town in this state, may expend any surplus moneys for which no provision for expenditure is made, belonging to said town, for the purposes of redemption of outstanding bonds or for improvements in said town."

As we have seen, the fund in question belonging to the town was derived from the city of New York for damages sustained by the town, and that it had not been raised by the town for any purposes provided for by statute. It was, therefore, surplus moneys held by the town, for which no provision for its expenditure has been made, other than that provided for by the permissive act above considered. The constructing of the highways of a town is an improvement in the town within the meaning of the statute. It follows that the investment of the fund was discretionary with the supervisor and the town board, and that under the provisions of chapter 164 of the Laws of 1891, the town board had the power, in its judgment and discretion, to devote the fund to the improve-

ment of the highways of the town, or such of them as they deemed advisable.

The order of the Appellate Division should be reversed and judgment of the trial court affirmed, with costs in all courts.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order reversed, etc.