BARNES et al. v. MIDLAND R. TERMINAL CO.

(Supreme Court, Appellate Division, Second Department.   April 10, 1914.)

1. DAMAGES (§ 40*)—INTERFERENCE WITH BUSINESS—EVIDENCE.
     Where a business is wrongfully interrupted and a loss is sustained, evi-
   dence of the falling off in business with loss of income shows the injury
   to the usable value of the property damaged, and is proper in estimat-
   ing the damages recoverable.
     [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec..
   Dig. § 40.*]

2. COSTS (§ 9*)—POWER OF REFEREE.
     Where a referee, under a reference of all the issues, filed a report with-
   out awarding costs, an interlocutory judgment thereon terminated the·
   referee's power to grant or withhold discretionary costs under Code Civ.
   Proc. §§ 1018, 1022, and his subsequent appointment as referee to ascer-
   tain damages only did not empower him to award such costs, but his au-
   thority to award costs was limited to those arising in the ascertainment of
   the damages.
     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 7–15; Dec. Dig..
   § 9.*]

3. COSTS (§ 57*)—POWER OF COURT.
     The court in confirming the report of a referee, appointed, after inter-·
   locutory judgment, to ascertain damages only, may, in confirming his re-
   port on damages, review his recommendation as to costs incurred in as-
   certaining the damages, and only the court which imposes costs on the·
   losing party may grant an extra allowance, authorized by Code Civ. Proc.
   §§ 3252, 3253.
     [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 229–249, 257–260;.
   Dec. Dig. § 57.*]

Appeal from Special Term, Richmond County.

Action by Sarah H. Barnes and others against the Midland Rail-·
road Terminal Company.  From a final judgment for plaintiff entered.
on the report of a referee, and from the costs allowed, defendant ap-
peals.  Modified and affirmed.

See, also, 158 App. Div. 944, 143 N. Y. Supp. 1106.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON,.
and PUTNAM, JJ.

Alfred G. Reeves, of New York City (Alexander S. Rowland and.
William P. Dalton, both of New York City, on the brief), for appel-
lant.

John Brooks Leavitt, of New York City (Stuart G. Gibboney, of
New York City, on the brief), for respondents.

PER CURIAM.   Plaintiffs' right to injunction and damages has.
been finally determined (193 N. Y. 378, 85 N. E. 1093, 127 Am. St.
Rep. 962).

The issues went to a referee to hear and determine, who reported in
plaintiffs' favor.   The referee recommended a perpetual injunction,
with recovery of damages to be ascertained by a subsequent reference.
No disposition was then made, or expressly reserved, as ·to costs.   By
the interlocutory decree the ascertainment of· damages was referred· to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the same referee. No question of costs was referred, or mentioned in this order of reference. On the basis of the receipts and earnings before the plaintiffs' business had been interfered with, the referee reported plaintiffs' damages at $30,753.43 and directed judgment for that amount. He also recited that he had not before passed upon the matter of costs, and by this last report awarded plaintiffs the costs and disbursements of the action.

[1] On this appeal, defendant urges that the damages found were excessive, and that the referee proceeded on an erroneous theory in estimating the same. A careful examination of the testimony as to the damages supports the conclusion of the learned referee. Where a business is interrupted and loss sustained, evidence as to the falling off in business, with loss of income, all goes to show the injury to the usable value of the property damaged. St. John v. Mayor, 13 N. Y. Super. Ct. 315; Bates v. Holbrook, 89 App. Div. 548, 85 N. Y. Supp. 673; Laufer v. Boynton Furnace Co., 84 Hun, 311, 32 N. Y. Supp. 362; Sedgwick on Damages, §§ 182–184.

[2] The matter of costs is more difficult. The learned referee felt this, saying in his last report that he doubted his power at that stage to pass on the question of costs, but concluded to give plaintiffs the benefit of the doubt as to his jurisdiction. This court carefully reserved the question of costs "upon any further judgment that may be entered." 144 App. Div. 796, 129 N. Y. Supp. 680. The original reference was of the whole issues. The referee's report, when made, stood as the judgment of the court. Code Civ. Proc. §§ 1018, 1022. Hence it was the only tribunal empowered to grant or to withhold discretionary costs (Code Civ. Proc. § 1022), as they are part of the merits to be passed on by such a referee. When he made and filed his first report (which, as to him, was a final report), and interlocutory judgment had been entered thereon, the referee's power ended, as he became functus officio. Stevens v. Weiss, 25 Misc. Rep. 457, 55 N. Y. Supp. 562. His subsequent authority under the second order of reference was to ascertain damages only. By accident the same referee was again designated, but for a specific purpose of reporting a question of damages, and that only. He, therefore, could not thereafter award those costs, which he might have previously given under the original order of reference. Osborn v. Cardeza, 208 N. Y. 131, 134, 137, 101 N. E. 806.

[3] The subsequent costs of ascertaining damages, however, are not exclusively within the province of the referee. In confirming his report on damages and passing upon exceptions taken, the court reviews the proceedings before this referee, and may regard the referee's recommendations as to such subsequent costs. In dealing with the report on damages, the court, and not the referee, imposes on the losing defendant the costs incident to the ascertainment of these damages. Here the damages were substantial, and the expense of the reference rightly fell on the defendant. If the costs of the trial of the issues be not awarded, the court is unable to give any extra allowance under Code of Civil Procedure, § 3253. Such allowances under sections 3252,

3253, are "in addition to the costs prescribed," or as "a further sum." Kahn v. Schmidt, 83 Hun, 541, 32 N. Y. Supp. 33.

We conclude, therefore, that the findings of the learned referee as to damages should be sustained, but the judgment should be modified by striking out therefrom the provision awarding an extra allowance and the costs and disbursements of the action from the beginning thereof, and instead that there be allowed to the plaintiffs their costs and disbursements only as incurred by them in the suit since the entry of the interlocutory judgment of March 7, 1911, and that, as so modified, the final judgment be affirmed, without costs of this appeal to either party.