RUBIN BROS. FOOTWEAR, INC., Respondent, v. J. GREENEBAUM TANNING COMPANY, Appellant.— Order reversed on the law and the facts, without costs, and motion granted, without costs, to the extent of allowing the examination before trial as to items 3, 4, 5, 6, 7 and 8, the examination concerning items 3 and 7 being limited to the question of shipping instructions alleged by defendant in its affirmative defenses to be a condition precedent to the contract. The use of the books and records is to be limited to the items upon which the examination is permitted. The examination to the extent granted herein is to proceed at a time and place to be stated in the order. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.

THE VAN BEL COMPANY, INC., Plaintiff, v. THE BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 5, TOWN OF ISLIP, SUFFOLK COUNTY, NEW YORK, Respondent, Appellant, Impleaded with SAMUEL EPSTEIN, INC., and Others, Respondents, and NELSON & CAULKINS, INC., and Others, Appellants.* — Judgment of the County Court of Suffolk county modified in the following respects: (1) By reducing the award of $42,612.16 by the sum of $3,838.44, leaving a balance of $38,773.72. (See original agreement, dated November 6, 1930.) (2) By striking out the provision for extra allowances. As no costs were allowed by the county judge, the court is unable to give any extra allowance. (*Barnes* v. *Midland Railroad Terminal Co.*, 161 App. Div. 621.) (3) The claims of the three laborers Roberts for $70.62; Christianson for $566, and Fairchild for $60, should be paid in full, or, if the fund is insufficient for that purpose, judgment may be entered in their favor against the surety for the respective amounts of the differences due them. (4) The surety, Fidelity and Deposit Company of Maryland, shall not be discharged until the said three laborers' claims are satisfied in full. (5) The defendant board of education is chargeable with interest on the judgment for $43,162.71 from July 14, 1930, to November 10, 1930. (Civ. Prac. Act, § 481.) It was liable for interest " after the entry of judgment but not before." (*Mechanics & Traders' Bank* v. *Mayor, etc.*, 97 N. Y. 355.) As above modified, the judgment is unanimously affirmed, with costs to appellants Sievers and others against defendant board of education and respondent Fidelity and Deposit Company of Maryland and disbursements, payable out of the fund. Findings of fact and conclusions of law inconsistent with the above are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ. Settle order on five days' notice.

CATHERINE WILKUS, Respondent. v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order of the City Court of Yonkers reversed on the law and the facts and a new trial ordered, costs to appellant to abide the event, upon the ground that the verdict of the jury is against the weight of the evidence. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

* Decision amended, 241 App. Div. 734.