The Van Bel Company, Inc., Plaintiff, v. The Board of Education of Union Free School District No. 5, Town of Islip, Suffolk County, New York, Respondent, Appellant; Samuel Epstein, Inc., and Others, Respondents, and Nelson & Caulkins, Inc., and Others, Appellants.— Motions for reargument granted. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ. On reargument, the decision of this court handed down on January 8, 1934 [ante, p. 609], is hereby amended to read as follows: Judgment of the County Court of Suffolk county modified in the following respects: (1) By reducing the award of $42,612.16 by the sum of $3,838.44, leaving a balance of $38,773.72. (See original agreement, dated November 6, 1930.) (2) By striking out the provision for extra allowances. As no costs were allowed by the county judge, the court is unable to give any extra allowance. (*Barnes* v. *Midland Railroad Terminal Co.*, 161 App. Div. 621.) (3) The claims of the three laborers, Roberts for $70.62, Christianson for $566, and Fairchild for $60, should be paid in full, or, if the fund is insufficient for that purpose, judgment may be entered in their favor against the surety for the respective amounts of the differences due them. (4) The surety, Fidelity and Deposit Company of Maryland, shall not be discharged until the said three laborers' claims are satisfied in full. (5) The defendant board of education is chargeable with interest on the judgment for $43,162.71 from July 14, 1930, to November 10, 1930. (Civ. Prac. Act, § 481.) It was liable for

interest " after the entry of judgment but not before." (*Merchants & Traders' Bank* v. *Mayor, etc.*, 97 N. Y. 355.) (6) By providing that the provision for payment to Samuel Epstein, Inc., Seneca Lumber and Mill Work Company, Truscon Steel Company and American Surety Company shall take precedence over the provision respecting the claims of Lexington Equipment & Supply Co., Inc., The Mills Company, Franklin Lumber Company, Edwin M. Houghtaling, trading as Houghtaling & Company, and H. Klein & Sons, Inc., so that the claims of said Samuel Epstein, Inc., and others, shall be paid first, and that after they shall have been paid, the balance then remaining shall be deposited with the Suffolk county treasurer for payment to Lexington Equipment & Supply Co., Inc., and others, upon proof. As so mod fied, the judgment is unanimously affirmed, with costs to appellants Sievers and others, against defendant board of education and respondent Fidelity and Deposit Company of Maryland and disbursements, payable out of the fund. Findings of fact and conclusions of law inconsistent with the above are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ. Settle order on five days' notice.