In the Matter of the Application of THE NEW YORK STATE SOCIETY OF PROFESSIONAL ENGINEERS, INC., Petitioner, for an Order against THE EDUCATION DEPARTMENT OF THE STATE OF NEW YORK and Others, Respondents.*

Supreme Court, Special Term, Albany County, April 3, 1941

*Joseph B. Diamond,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Dorothy U. Smith, Assistant Attorney-General,* of counsel], for the respondent Board of Regents.

BERGAN, J. The proceeding is now before the Special Term for disposition on the merits. The issues of fact raised by the answer are resolved by the exhibits received in evidence and the findings on those issues are in support of the petition. There remains only an issue of law.

The use of the word " engineering " in the corporate name of Human Engineering Laboratory, Incorporated, is in violation of statute. (Education Law, § 1461.) The sole question here is whether the powers conferred upon the Regents by section 62 of the Education Law, authorizing them to change a corporate name, must be exercised when it appears that a corporate name is being used in violation of the statute, or whether one aggrieved

---

* See *Matter of State Soc., etc., Engineers* v. *Dept. of State* (174 Misc. 173).— [REP.

must follow such other remedy by injunction or criminal prosecution as may be available.*

I think the power is permissive. The language is in that form. The Regents " may " order a change in the name. The order is to be upon " sufficient cause." The Regents are to judge the sufficiency of the cause. Where the proceeding before the Regents is not instituted at the instance of the corporation affected, it is to be on notice and the question of whether an order will be made is to be decided by a vote of the Regents. (§ 62.) The court would not coerce the direction of that vote, in a matter in which the Regents are vested with discretionary power, and I do not think the court may coerce the vote by which it is decided whether a proceeding will be instituted. Both matters rest in the jurisdiction of the Regents.

Statutory words of permission sometimes impose mandatory duties. The word " may " is then construed as " must." The subject was exhaustively treated by the General Term in *People ex rel. Comstock* v. *City of Syracuse* (59 Hun, 258) in an opinion which was adopted in the affirmance by the Court of Appeals in 128 New York, 632. It is one of the leading authorities on the subject. (See reference in *People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387, 395, and in *Matter of Marburg* v. *Cole*, 175 Misc. 308.)

But mandatory effect is given to permissive language in a statute only where such construction is required by the context of the statute or the facts surrounding its enactment, or by the purposes sought to be served. If an examination of these implies a permissive power, a mandatory duty will not be supplied judicially. In the *Syracuse* case it was said (p. 265) that decisions holding mandatory construction of permissive words have " been based upon the supposed intent of the Legislature." Such construction " has prevailed only in cases where the statute under consideration, when taken as a whole and viewed in the light of surrounding circumstances, indicated a purpose on the the part of the Legislature to enact a law mandatory in its character." In *Hagadorn* v. *Raux* (72 N. Y. 583) a statute was construed as imposing a mandatory duty, and the court, again construing legislative intent, said (p. 586) that " whenever a positive duty, as distinguished from a discretionary power is intended to be imposed, ' may ' is to be construed ' must.' "

Nothing in the text of section 62 of the Education Law, or in the purposes indicated in its enactment generally, shows a legis-

* Section 62 of the Education Law provides in part that " The Regents may * * * change the name * * * of any institution which they might incorporate under section fifty nine, if subject to their visitation or chartered or incorporated by the Regents or under a general law."—[Rep.

lative intent to impose a positive duty to act in relation to the subject here presented. Certainly the procedural provisions in the context of the authorization indicate no such legislative intent. If the decision upon the former motion addressed to the pleading implied a mandatory duty on the Regents the court does not now adhere to the implication.

Petition dismissed on the merits. Submit decision and final order.