Matthew J. Jaseh, J.
This is a proceeding under article 78 of the Civil Practice Act for an order to compel compliance with section 93-b of the General Municipal Law. The respondent board has 'cross-moved for an order dismissing the petition upon the ground that it is insufficient in law.
The petitioners, teachers presently employed by the Niagara Falls Board of Education, are acting on behalf of themselves and at least 75 other local teachers. They seek to have their dues in the Niagara Falls Federation of Teachers, affiliated by charter with the American Federation of Teachers, AFL-CIO, deducted from their wages by the respondent, Board of Education. It appears that although the teachers had requested that said dues be withheld, that the said Board of Education at a regular meeting held September 6, 1962, refused to honor said request and instead approved the recommendation of its Deputy Superintendent not to make deductions for the 1962-63 school year.
Petitioners contend that the word “ authorized ” as used in section 93-b of the General Municipal Law is mandatory, whereas respondents maintain that it is permissive and connotes discretion.
It appears that presently the Board of Education is deducting Blue Cross and Blue Shield, United Givers Funds contributions, insurance payments and other payments from the wages of petitioners and other teachers. Petitioners argue that the requested deductions of dues could be accomplished with a minor increase in cost and effort.
The sole question to be resolved by the court is the definition or interpretation of the word “ authorized ” as used in section 93-b of the General Municipal Law, which reads as follows:
“ Deduction of membership dues in association or organization of civil service employees.
“ The fiscal or disbursing officer of every municipal corporation or other civil division or political subdivision of the state is hereby authorized to deduct from the wage or salary of any employee of such municipal corporation or civil division or political subdivision of the state such amount that such employee may specify in writing filed with such fiscal or disbursing officer for the payment of dues in a duly organized association or organization of civil service employees and to transmit the *145 sum so deducted to the said association or organization. Any such written authorization may be withdrawn by such employee or member at any time by filing written notice of such withdrawal with the fiscal or disbursing officer. ’ ’ (Added by L. 1958, ch. 862, eff. April 19,1958.)
Section 71 of the Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes) states: “ * Construction ’ in its legal sense, has been defined as the art or process of determining the proper meaning or application of provisions contained in statutes * ® * it may be reached by reasoning from extraneous connected circumstances, laws, or writings.”
Section 73 of the Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes) recites that: “ courts may not make, change, amend or repeal a statute, since their function is to interpret
* ° They may not, by interpretation, add to or take from a clear and positive legislative mandate “ * * The function of the court is to interpret the statute, leaving its repeal to the lawmaking body. ’ ’
Webster’s New International Dictionary (2d ed.) defines authorize as “to clothe with authority or legal power; to give a right to act;” it defines authority as a “legal or rightful power.”
In the Opinions of the State Comptroller (vol. 5, 1949, p. 31), the State Comptroller ruled that the Comptroller of Erie County is not forced to deduct from any employee’s wages premiums on group insurance. He said that generally an authorization will be mandatory where the act authorized concerns public interest or the rights of individuals; but, he continued, the making of deductions at the request of an employee involves neither public interest nor private rights and is merely a convenience. The Comptroller thus construed, under these circumstances, that the word “authorized” is discretionary and the municipality is not forced to make deductions. (A similar opinion was promulgated in 8 Op. St. Comp., 1952, p. 311.)
In McConnell v. Town Bd. of Town of Cortlandt (193 N. Y. 318, 322) the word authorized was “construed as permissive only and not as a mandatory statute.”
In New York State Soc. of Professional Engineers v. Education Dept. (176 Misc. 136, 137) the court said:
“ Statutory words of permission sometimes impose mandatory duties. The word ‘ may ’ is then construed as ‘ must. ’ The subject was exhaustively treated by the General Term in People ex rel. Comstock v. City of Syracuse (59 Hun, 258) in an opinion which was adopted in the affirmance by the Court of Appeals in 128 New York, 632. It is one of the leading authorities on the *146 subject. (See reference in People ex rel. Doscher v. Sisson, 222 N. Y. 387, 395, and in Matter of Marburg v. Cole, 175 Misc. 308.)
11 But mandatory effect is given to permissive language in a statute only where such construction is required by the context of the statute or the facts surrounding its enactment, or by the purposes sought to be served. If an examination of these implies a permissive power, a mandatory duty will not be supplied judicially. In the Syracuse case it was said (p. 265) that decisions holding mandatory construction of permissive words have ‘ been based upon the supposed intent of the Legislature.’ Such construction ‘ has prevailed only in cases where the statute under consideration, when taken as a whole and viewed in the light of surrounding circumstances, indicated a purpose on the part of the Legislature to enact a law mandatory in its character. ’ In Hagadorn v. Raux (72 N. Y. 583) a statute was construed as imposing a mandatory duty, and the court, again construing legislative intent, said (p. 586) that ‘ whenever a positive duty, as distinguished from a discretionary power is intended to be imposed, “may ” is to be construed “ must.” ’ ”
In Gilmore v. City of Utica (121 N. Y. 561, 568) the court said: “ We know of no rule of law which requires or authorizes the courts to hold that such language under such circumstances is mandatory * * * The purpose of construction and interpretation is to ascertain the legislative intent, and to that end it is the general rule that words must receive their ordinary signification, unless it can be seen that the lawmaker's meant that they should have a more limited or more enlarged signification.” (Emphasis added.)
This court is of the opinion that the word “ authorized ” as used in section 93-b of the General Municipal Law is discretionary and, therefore, the School Board is not required to make said deductions as requested by the petitioners. Petition dismissed.